1  Russell A. Robinson (163937)
   Law Office of Russell A. Robinson
2  345 Grove Street, Level One
   San Francisco CA 94102
3  Telephone:    (415) 861-4416
   Facsimile:    (415) 431-4526
4  rlaw345@gmail.com

5  Counsel for Plaintiff
   **ROBERT BROWN**

6

7

8                        UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

ROBERT BROWN,                          ) No.
11                                      )
                Plaintiff,              ) **COMPLAINT FOR DAMAGES**
12                                      )
v.                                      ) **[Jury Trial Demanded]**
13                                      )
CITY & COUNTY OF SAN FRANCISCO,        )
14 OFFICER BRENT M CADER #704, OFFICER )
   DAVID E RODRIGUEZ #156, OFFICER     )
15 GABRIEL ALCARAZ, #590, SERGEANT     )
   DANIEL J. COLE #1135,               )
16                                      )
                Defendants.             )
17 _____ )

18 **I.      JURISDICTION AND VENUE**

19      1.      This action arises under 42 USC §1983, and other, applicable laws.  The below

20 causes of action are thus properly before the Court under 28 USC §1331, federal subject

21 matter jurisdiction.  Plaintiff's state law claims arise from the same operative facts are thus

22 properly before the Court pursuant to the exercise of its pendant jurisdiction.

23      2.      Plaintiff's claims arose in the City and County of San Francisco, State of

24 California.  Venue is proper in the United States District Court, Northern District of California.

25 **II.     PARTIES**

26      3.      Plaintiff ROBERT BROWN was at all relevant times an adult resident of the

27 State of Washington.  He suffered a significant, traumatic injury while in the United States

28 Marine Corps in 1983, resulting in an Honorable Discharge under medical conditions and

Chronic venous insufficiency (CVI).  Because of this medical condition and the deterioration in his right leg and hip, Plaintiff underwent a total, right hip replacement in early 2013.  Thus, as of August 2014, Plaintiff Robert Brown had difficulty walking and was "disabled" defined by state and federal laws.

4.      On information and belief, Defendant CITY & COUNTY OF SAN FRANCISCO is a municipal entity, organized under the laws of the State of California.  The SAN FRANCISCO POLICE DEPARTMENT (SFPD) is, on information and belief, a municipal agency of SAN FRANCISCO  organized as that agency charged with investigating crimes, making arrests, and otherwise policing SAN FRANCISCO.  Unless noted, together these two entities are referred to hereafter as "SAN FRANCISCO."

5.      On information and belief, Defendants OFFICER BRENT M CADER #704, OFFICER DAVID E RODRIGUEZ #156, and OFFICER GABRIEL ALCARAZ, #590, are and were at all relevant times employed by San Francisco as police officers.  On information and belief, each was charged with knowing, and did know, constitutional mandates as these related to the use of force.  Each is sued here in individual and official capacities.

6.      On information and belief, Defendant SERGEANT DANIEL J. COLE #1135, was that person who was the immediate supervisor and in charge of the officers named above in paragraph 5.  Cole is sued at the present time in his official capacity, only.

7.      Plaintiff is ignorant of the identities of other, un-named defendants, and therefore reserves the right to sue such defendants as discovery unfolds, whose true identities and roles in the events which are the subject matter of this complaint are presently unknown.

8.      Plaintiff will amend this complaint to identify un-named Defendants and to set forth facts relating to each when same become known to Plaintiff.

9.      Plaintiff is informed and believes and thereon alleges each un-named Defendant is legally responsible for events alleged herein which caused injury and damage to Plaintiff.

10.     In doing acts or omissions alleged, Defendants and each of them were acting in the course and scope of their employment with their respective agencies.

11.     In doing the acts or omissions alleged, Defendants acted under color of authority

1  and/or under color of law.

2      12.    In doing acts or omissions alleged, each Defendant acted as the agent, servant,

3  employee, and/or in concert with each of the other Defendants herein.

4  **III.    FACTS**

5      13.    As of August 14, 2014, Plaintiff was detained; after his detention and while he

6  was offering no resistance, Plaintiff was subjected to excessive force.  He was knocked to the

7  ground by the officers named in paragraph 5, above, and was ultimately falsely arrested and

8  taken into custody.  Plaintiff's right leg and hip were re-injured, and his right arm and elbow

9  were injured by Defendants, all requiring post-release medical care.

10     14.    Defendants Cader, Rodriguez, and Alcaraz, and each of them, were active

11 participants in the unlawful use of excessive force; and/or, stood by and failed to intervene while

12 one or more caused the horrific injuries to Plaintiff.

13     15.    Defendants and each of them caused Plaintiff's injuries unlawfully acted in

14 violation of the law.  As a direct, legal, and proximate result of the acts by Defendants and each

15 of them, Plaintiff suffered damages, according to proof.

16     16.    Claims include but are not limited to submission of false report(s), violations of

17 Civil Code sections 51.7, et alia, excessive force, and similar claims arising from the events

18 taking place on August 14, 2014, in San Francisco.

19     17.    Plaintiff is informed and believes said civil rights violations and or other acts of

20 misconduct included intimidation, denial of due process and equal protection, retaliation,

21 conspiracy to violate civil rights, and/or other misconduct.

22     18.    Plaintiff, who had earlier flown with a friend from Washington to San Francisco

23 for the Paul McCartney Concert at Candlestick Park, asked Defendants Cader, Rodriguez, and

24 Alcaraz a question about the reason pedestrians were being directed off the closed street.  The

25 area had been closed to automobiles because of the concert, to which Plaintiff was walking with

26 some difficulty.  Brown, who has and had difficulty walking because of his leg and hip condition

27 noted above in Paragraph 3, was tackled by Cader as Brown attempted to comply with the

28 officers' directions.  Plaintiff is further informed and believes misconduct by all defendants

1  included but was not limited to subjecting persons such as Plaintiff to retaliatory actions

2  because they engaged in protected activity.  As a result, Plaintiff and others like him were

3  subjected to unequal treatment, civil rights violations, and other misconduct.

4         19.    Plaintiff is further informed and believes that the municipal defendant repeatedly

5  failed to take remedial or corrective action despite the pervasive and ongoing malfeasance

6  within its ranks.  Cowardice and misconduct were, at least through mid-May 2016, rewarded.

7  Plaintiff filed complaints against these officers here in February 2015; on information and belief,

8  no action was taken against any of these officers and each continues to work in San Francisco,

9  placing other persons at risk.

10         20.    Plaintiff is further informed and believes that these are matters of official policy –

11  rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons

12  such as Plaintiff and others similarly situated to be abused by supervisors, including but not

13  limited to those defendants named herein.

14         21.    Plaintiff is further informed and believes the culture of tolerance which existed

15  and may still exist is rooted in the deliberate indifference of high-ranking municipal officials.

16  Plaintiff is informed and believes as a result of the above and below acts, he suffered violation

17  of constitutional rights because of customs, practices, policies, and patterns, including but not

18  limited to deliberate indifference.

19         22.    Plaintiff is informed and believes that despite notice of repeated constitutional

20  violations being perpetrated by these employees and others, Defendants and each of them

21  failed to take appropriate action.

22         23.    Plaintiff is informed and believes as a direct, legal, and proximate result of the

23  acts and omissions alleged above, Plaintiff suffered the loss of constitutional rights and suffered

24  grievous injuries. These losses and injuries were caused, in part, by the unconstitutional yet

25  official, *de facto* customs, policies, practices, and patterns, which were the moving force behind

26  Plaintiff's injuries.  Plaintiff is informed and believes unlawful conduct was condoned,

27  encouraged, approved, and/or ratified by Defendants and each of them.

28         24.    Plaintiff is informed and believes that as a result of the above facts, he suffered

1  the violation of his constitutional rights and was injured.

2  **IV.    CAUSES OF ACTION**

3          **A.    First Cause Of Action – 42 USC §1983**

4          25.    Plaintiff incorporates by reference all herein as though set forth fully herein.

5          26.    By the actions and omissions described above, Defendants, Cader, Rodriguez,

6  and Alcaraz, and each of them, and as approved (condoned/ratified) by Sgt. Cole, violated 42

7  USC §1983, depriving Plaintiff of the following clearly-established and well-settled constitutional

8  rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

9          a.    The right to be free from unreasonable searches and seizures as secured
                 by the Fourth and Fourteenth Amendments;

10

11         b.    The right to be free from excessive and unreasonable force in the course
                 of arrest or detention as secured by the Fourth and Fourteenth
                 Amendments;

12

13         c.    The right to be free from false arrest, or arrest on false charges, and
                 malicious prosecution, as secured by the Fourth and Fourteenth
                 Amendments;

14

15         27.    Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of

16  rights described herein, knowingly, maliciously, and with conscious and reckless disregard for

17  whether the rights and safety of Plaintiff and others would be violated by their acts and/or

18  omissions; the acts by Defendants who injured Plaintiff were done with a purpose to cause

19  harm, and were thus arbitrary conduct, shocking to the conscience.  By virtue of the protection

20  local law enforcement gave to the actors, these defendants acted under color of law when they

21  engaged in the above acts which resulted in the harm.

22         28.    On information and belief, in the case of certain un-named co-conspirators, in

23  performing the investigation, allowing illegal activity to continue, and in preparing related

24  materials arising from these events, they engaged in acts designed to protect their co-

25  conspirators and to damage Plaintiff.  Other violations of Plaintiff's rights include failure to

26  investigate/evaluate properly the arrest, ignoring and/or failing properly and adequately to

27  investigate and to discipline unconstitutional or unlawful police activity; and, allowing, tolerating,

28  making, and/or encouraging excessive force and to file false incident reports and to make false

---

1    statements.  Thus, Plaintiff suffered deprivation of his constitutionally guaranteed rights.

2         29.    As a direct and proximate result of Defendants' acts and/or omissions as set

3    forth above, Plaintiff sustained injuries and damages, according to proof.

4         30.    The conduct of all individual Defendants, named and un-named, entitles Plaintiff

5    to punitive damages allowable under 42 USC §1983 and Cal. Civil Code §3294.  After his arrest

6    and transportation to the detention are at Bay View Police Station in San Francisco, Cader and

7    others noted Plaintiff's tickets to the Paul McCartney concert.  Helpless, Plaintiff was taunted

8    and ridiculed while being detained, released only after the concert hd ended.

9         31.    Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC

10   §1988 and applicable California codes and laws.

11   **B.     Second Cause Of Action – 42 USC §1983**

12        32.    Plaintiff realleges each and every paragraph herein as if fully set forth here.

13        33.    Unconstitutional actions and/or omissions of Defendants, as well as others

14   employed by/acting on behalf of municipal agents, were pursuant to the customs, policies,

15   practices, and/or procedures of the these agencies, stated in the alternative, which were

16   directed, encouraged, allowed, and/or ratified by policy making officers for the these agencies:

17        a.    To use or tolerate the use of excessive and/or unjustified force;

18        b.    To use or tolerate the use of unlawful force;

19        c.    To fail to institute and require proper and adequate training, policies, and
             procedures concerning responding to complaints and dealing;

20

21        d.    To cover-up violations of constitutional rights by failing to investigate
             properly and/or evaluate arrests and injuries, by ignoring and/or failing
             properly and adequately to investigate and to discipline unconstitutional

22           or unlawful police activity, and by allowing, tolerating, and/or encouraging
             police officers to file false police reports; to make false statements; to

23           intimidate, to treat with bias and/or to "coach" witnesses to give false
             information and/or to attempt to bolster officers' stories; and, to obstruct

24           and/or to interfere with investigations of unconstitutional or unlawful
             police conduct, by withholding and/or concealing material information;

25

26        e.    To allow, to tolerate, and/or to encourage a "code of silence" among law
             enforcement officers and police department personnel, whereby an
             officer or member of the department does not provide adverse

27           information against fellow officers; and,

28        f.    To use or to tolerate inadequate, deficient, and improper procedures for

handling, investigating, and reviewing complaints of misconduct involving crimes by officers committed against citizens.

34.     Said Defendants failed properly to hire, to train, to instruct, to monitor, to supervise, to evaluate, to investigate, and to discipline certain individuals and other personnel, with deliberate indifference to Plaintiff's Constitutional rights, which were thereby violated as described above.

35.     The unconstitutional actions and/or omissions of the individual Defendants and other personnel, as described above, were approved, tolerated and/or ratified by policy making officers for the agencies, who acted in concert with the co-defendants.  Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the relevant agencies, and that such policy makers have direct knowledge of the actions.  Thus, the authorized policy makers within these agencies have shown affirmative agreement with individual defendants' actions, and ratified unconstitutional acts of the individual defendants.

36.     The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of these unindicted agencies were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth above.

37.     By their acts and/or omissions, Defendants subjected Plaintiff to wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for the rights and safety of Plaintiff and others.

38.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of these unindicted co-conspirators, as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs and attorney fees as set forth above, and punitive damages against the individual defendants sued in their individual capacities.

39.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages.  Plaintiff herein claims damages according to proof at trial.

40.     The conduct of Defendants, and each of them, entitles Plaintiff to punitive damages and penalties allowable against the individual defendants under 42 USC §1983 and Cal. Civil Code §3294, et seq.

41.     Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and laws.

**C.      Third Cause Of Action – Negligence**

42.     Plaintiff realleges each and every paragraph herein as if fully set forth here.

43.     Under state law, Plaintiff was required to file claims and did file said claims within six (6) months of August 14, 2014.  Defendants never responded to that claim.  Thus, Plaintiff has exhausted his administrative remedy(ies) under state law.

44.     During the period of confinement and detention, Defendants and each of them failed to exercise reasonable care, skill, and diligence in assessing the situation with Plaintiff.

45.     As a direct and proximate result of Defendants' negligence, as alleged above, on August 14, 2014, Plaintiff was seriously and permanently injured.

46.     Thus, Plaintiff was injured as a direct, legal result of the acts and failures by these Defendants.

47.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages, according to proof.

**D.      Fourth Cause Of Action – Assault & Battery**

48.     Plaintiff realleges each and every paragraph herein as if fully set forth here.

49.     Defendants intentionally acted which resulted in threats of harmful or offensive contacts, and actual harmful or offensive contacts with Plaintiff, causing Plaintiff to be touched.

50.     Plaintiff did not consent to the contact.

51.     Defendants used unreasonable or excessive force on Plaintiff through Cader's tackling of Plaintiff, the arrest, and the continued detention.

1    52.    Plaintiff suffered harm as a result of the batteries and was foreseeably maimed.

2    53.    Defendants' use of excessive or unreasonable force was a substantial factor in

3 causing harm to Plaintiff.

4    54.    Thus, the harmful or offensive contacts caused injury, damage, loss, or harm to

5 the plaintiff.

6    55.    As a direct and proximate result of Defendants' acts and/or omissions as set

7 forth above, Plaintiff sustained injuries and damages, according to proof.

8    WHEREFORE, Plaintiff respectfully requests the following relief against each and every

9 Defendant herein, jointly and severally:

10    a.    compensatory damages, in an amount according to proof;

11    b.    punitive damages as to the individual defendants in an amount according to

12 proof and which is fair, just, and reasonable;

13    c.    all other damages, penalties, costs, interest, and attorney fees as allowed by 42

14 USC §§ 1983 and 1988, Cal. Civil Code §§ 51, 51.7, 52, et alia, Cal. Civ. Code §§ 3284, et

15 seq., and as otherwise allowed by California and/or federal law;

16    d.    such other and further relief as this Court may deem appropriate.

17

18 Date:   July 22, 2016                    Respectfully submitted,

19

20                         _____/s/ Russell A. Robinson_____
21                         By:    Russell A. Robinson
                           Law Office of Russell A. Robinson
22                         Counsel for Plaintiff
                           **ROBERT BROWN**
23

24

25

26

27

28 / / /

1

**V.      DEMAND FOR JURY TRIAL**

2

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury in this matter.  That

3

is, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 38, Plaintiff demands a trial by

4

jury as is her guaranteed right.  Pursuant to FRCP, Rule 39, Plaintiff requests that the matter be

5

designated as a jury action upon the Court's docket.

6

7

Date:   July 22, 2016                                          Respectfully submitted,

8

9

_____/s/ Russell A. Robinson_____
By:      Russell A. Robinson

10

Law Office of Russell A. Robinson
Counsel for Plaintiff

11

**ROBERT BROWN**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28