UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY & COUNTY SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 16-cv-04671-DMR<br><br>**ADDENDUM TO FINAL PRETRIAL ORDER REGARDING ADMISSIBILITY OF PLAINTIFF'S EXHIBIT 4 AND DEFENDANTS' EXHIBIT A**<br><br>Dkt. No. 98 |

**Plaintiff's Exhibit 4**: Plaintiff may attempt to establish that the EMT record is admissible as a business record pursuant to Federal Rule of Evidence ("FRE") 803(6). If admissible, it can be used to prove acts, events, conditions, opinions or diagnoses recorded in the document, assuming Plaintiff establishes Treff's competence to render the opinions and information she recorded. The facts admissible under FRE 803(6) include the statement "no signs of etoh or drug use" on page 1, the information in the "Impressions" box on page 1, the information in the "Assessments" box at the bottom of page 1, the information in the "Vital Signs" box at the top of page 2, and the information in the "Treatment Summary" box on page 2.

With respect to the remaining statements in the "Narrative" box on the first page, the statements in the first paragraph, except for the last sentence, are admissible under FRE 803(4) as statements made for medical treatment. The last sentence, which says "Pd also reports pt is not in custody and will be cited and released once the eval is done," will not be admissible unless Plaintiff can establish that it falls under a hearsay exception. All statements in the second paragraph beginning "Upon exam, pt states . . ." are admissible under FRE 803(4) as statements made for medical treatment. The statement "Pt denies any other complaints" is admissible as a statement made for medical treatment. All statements in the fourth paragraph are admissible under

1 FRE 803(4) as statements made for medical treatment.

2 If the parties dispute the admissibility of any other information in this document (patient information, "crew/response/disposition/times," "insurance," or the information in the "signatures" box), they shall immediately meet and confer and be prepared to discuss it with the court outside the presence of the jury and before identification of this document at trial.

**Defendants' Exhibit A**: Defendants may attempt to establish that the Blue Plate itemized receipt is admissible as a business record pursuant to FRE 803(6)(A-D), subject to Plaintiff's attempt to establish that the source of information or the method of circumstances of preparation indicate a lack of trustworthiness pursuant to FRE 806(6)(E). Plaintiff's objections are overruled. The itemized receipt is relevant to the issue of how much alcohol, if any, Plaintiff consumed in the time period immediately preceding the events at issue. The potential for prejudice does not substantially outweigh its probative value.

**IT IS SO ORDERED.**

Dated: November 26, 2017



_____
Donna M. Ryu
United States Magistrate Judge